```
ERSKINE & TULLEY
A PROFESSIONAL CORPORATION
MICHAEL J. CARROLL (STATE BAR #50246)
220 Montgomery Street, Suite 303
San Francisco, CA 94104
Telephone:  (415) 392-5431
Facsimile:  (415) 392-1978

Attorneys for Plaintiffs
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BOARD OF TRUSTEES OF THE SAN MATEO HOTEL EMPLOYEES AND RESTAURANT EMPLOYEES PENSION TRUST; SHERRI CHIESA, TRUSTEE,**<br><br>    Plaintiffs,<br><br>    vs.<br><br>**HOTEL AIRPORT SHUTTLE. COM, LLC, a Limited Liability Company, BAUER'S LIMOUSINE SERVICE, INC., a California corporation, GARY S. BAUER individually and doing business as BAUER'S TRANSPORTATION,**<br><br>    Defendants. | NO. C 07 2786 MHP<br><br>COMPLAINT TO COLLECT TRUST FUNDS PURSUANT TO EMPLOYER'S WITHDRAWAL |

I. PARTIES

1.  Plaintiffs, BOARD OF TRUSTEES OF THE SAN MATEO HOTEL EMPLOYEES AND RESTAURANT EMPLOYEES PENSION TRUST, (hereinafter "TRUST FUND"), named in the caption, are trustees of employee benefit plan within the meaning of §§3(1) and (3) and §502(d)(1) of ERISA, 29 U.S.C. §1002(1) and (3) and §1132(d)(1), and a multiemployer plan within the meaning of §§3(37) and 515 of ERISA, 29 U.S.C. §§1002(37) and §1145. Plaintiff SHERRI CHIESA is a Trustee. Said TRUST FUND is

authorized to maintain suit as an independent legal entity under §502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1).

2. Plaintiffs are informed and believe and thereupon allege that defendant, HOTEL AIRPORT SHUTTLE. COM, LLC, is a limited liability company which has been signatory to a collective bargaining agreement. Plaintiffs are informed, believe and therefore allege that Defendants Bauer's Limousine Service, Inc., a California corporation, and Gary S. Bauer individually and doing business as Bauer's Transportation are, under 29 U.S.C. §1301 (b)(1), members of a controlled group, constitute a "single employer" and are all jointly and severally liable for a withdrawal liability assessment.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action under Section 4301(c) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1451(c) and under §301(a) of the Taft-Hartley Act, 29 U.S.C. §185(a).

4. Venue is proper in this District under Section 4301(d) of ERISA, 29 U.S.C. §1451(d) because the Plaintiff Trust Fund is administered in this District.

## III. STATEMENT OF THE CASE

5. Defendant was a party to a collective bargaining agreement with Hotel Employees & Restaurant Employees Local 340 (hereinafter "Local"), under which the Defendant Hotel Airport Shuttle was required to promptly and fully report for and pay monthly contributions to the Trust Fund at specific rates for each hour of compensation (including vacations, holidays, overtime and sick leave) the Defendant pays to its employees who are members of the bargaining unit represented by the Local. Such bargaining unit members are any

of the Defendant's part-time or full-time employees who perform any work task covered by the Defendant's collective bargaining agreements with the Local, whether or not those employees ever actually join the Local.

6.  On or about February 15, 2006 Defendant Hotel Airport Shuttle ceased operations.  As a result Defendant Hotel Airport Shuttle ceased to have an obligation to contribute to the Plan.

7.  The Plan determined that the amount of the Defendant Hotel Airport Shuttle withdrawal liability was $35,109.00.

8.  The Plan sent Defendant Hotel Airport Shuttle a letter on January 2, 2007 notifying the Defendant of the amount of withdrawal liability.  The letter contained a description of how the withdrawal liability was calculated and set forth an amortization schedule showing the number and amount of each payment required to liquidate the withdrawal liability under a monthly payment schedule.

9.  The Letter from the Plan to the Defendant Hotel Airport Shuttle demanded payment according to the payment schedule included with the Letter.  The payment schedule included in the Letter required payment of $3,608.42 each month for nine months.

10.  More than ninety (90) days have elapsed since Defendant Hotel Airport Shuttle received the Letter from the Plan. Since receiving the Letter from the Plan, the Defendant has not asked to Plan to review any specific matter relating to the determination of its liability and schedule of payments.

11.  Since receiving the Letter from the Plan, the Defendant has not identified any inaccuracy in the determination of the amount of the unfunded vested benefits allocable to the Defendant.

12.  Since receiving the Letter from the Plan, the

1  Defendant Hotel Airport Shuttle has not furnished any additional
2  information to the Plan.
3     13.  Since receiving the Letter from the Plan, the
4  Defendant Hotel Airport Shuttle has not initiated arbitration pursuant
5  to 29 U.S.C. §1401.
6     14.  Since receiving the Letter from the Plan, the
7  Defendant Hotel Airport Shuttle has not made any payments to the Fund
8  on its withdrawal liability.

## IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays to the Court for judgment against all Defendant as follows:

    A.    For withdrawal liability payments due to date in the amount of $35,109.00,

    B.    For liquidated damages in the amount of $7,021.80

    C.    For all accrued interest;

    D.    For all attorney's fees and costs incurred by the Plan in connection with Defendants' obligation; and

    E.    For such other and further relief as the Court may deem just and equitable.

DATED: May 22, 2007                  ERSKINE & TULLEY
                                        A PROFESSIONAL CORPORATION

                                        By:/s/Michael J. Carroll
                                            Michael J. Carroll
                                            Attorneys for Plaintiffs