
ROBERT G. HULTENG, Bar No. 071293
LITTLER MENDELSON
A Professional Corporation
650 California Street, 20th Floor
San Francisco, CA 94108.2693
Telephone: 415.433.1940
Facsimile: 415.399.8490
E-mail: rhulteng@littler.com

Attorneys for Defendants
HOTEL AIRPORT SHUTTLE. COM, LLC, BAUER'S LIMOUSINE SERVICE, INC., GARY S. BAUER, INDIVIDUALLY AND DOING BUSINESS AS BAUER'S TRANSPORTATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BOARD OF TRUSTEES OF THE SAN MATEO HOTEL EMPLOYEES AND RESTAURANT EMPLOYEES PENSION TRUST; SHERRI CHIESA, TRUSTEE,<br><br>Plaintiffs,<br><br>v.<br><br>HOTEL AIRPORT SHUTTLE. COM, LLC, a Limited Liability Company, BAUER'S LIMOUSINE SERVICE, INC., a California corporation, GARY S. BAUER individually and doing business as BAUER'S TRANSPORTATION,<br><br>Defendants. | Case No. C 07 2786 MHP<br><br>**ANSWER TO COMPLAINT** |

COMES NOW Defendants Hotel Airport Shuttle. Com, LLC, Bauer's Limousine Service, Inc., and Gary S. Bauer individually and doing business as Bauer's Transportation, ("Defendants") and for their answer to the Complaint to Collect Trust Funds Pursuant to Employer's Withdrawal filed by Plaintiff Board of Trustees of the San Mateo Hotel Employees and Restaurant Employees Pension Trust ("Plaintiff Trust Fund") and Plaintiff Sherri Chiesa ("Plaintiff Chiesa") in the above captioned matter ("Complaint") admit, deny, and allege as follows:

**PARTIES**

1. In response to paragraph 1 of the Complaint, Defendants admit that Plaintiff Trust Fund is a trustee of the employee benefit plan within the meaning of §§ 3(1) and (3), and § 502(d)(1) of ERISA, 29 U.S.C. §§ 1002(1) and (3) and § 1132(d)(1). Defendants further admit that Plaintiff Trust Fund is a trustee of a multiemployer plan within the meaning of §§(37) and 515 of ERISA, 29 U.S.C. §§ 1002(37) and § 1145. Defendants admit that Plaintiff Chiesa is a trustee. Defendants admit that Plaintiff Trust Fund is authorized to maintain suit as an independent legal entity under § 502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1).

2. In response to paragraph 2 of the Complaint, Defendants deny that Hotel Airport Shuttle. Com, LLC is currently a limited liability company. Defendants admit that while Hotel Airport Shuttle. Com, LLC was in existence, it was signatory to a collective bargaining agreement. Defendants deny that Bauer's Limousine Service, Inc., a California corporation, and Gary S. Bauer individually and doing business as Bauer's Transportation are, under 29 U.S.C. § 1301(b)(1), members of a controlled group. Defendants further deny that Bauer's Limousine Service, Inc., a California corporation, and Gary S. Bauer individually and doing business as Bauer's Transportation, constitute a "single employer." Defendants deny that Bauer's Limousine Service, Inc., a California corporation, and Gary S. Bauer individually and doing business as Bauer's Transportation, are all jointly and severally liable for a withdrawal liability assessment.

**JURISDICTION AND VENUE**

3. In response to paragraph 3 of the Complaint, Defendants admit that this court has jurisdiction over the subject matter of this action.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

4. In response to paragraph 4 of the Complaint, Defendants admit that venue is proper in this District.

**STATEMENT OF THE CASE**

5. In response to paragraph 5 of the Complaint, Defendants admit the allegations contained therein as they relate to Hotel Airport Shuttle. Com, LLC. Defendants deny any suggestion in paragraph 5 that Bauer's Limousine Service, Inc., a California corporation, and Gary S. Bauer individually and doing business as Bauer's Transportation, were party to the collective bargaining agreement mentioned therein.

6. In response to paragraph 6 of the Complaint, Defendants admit the allegations contained therein.

7. In response to paragraph 7 of the Complaint, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation contained therein, and on that basis, deny the allegation.

8. In response to paragraph 8 of the complaint, Defendants admit the allegations contained therein.

9. In response to paragraph 9 of the Complaint, Defendants admit the allegations contained therein.

10. In response to paragraph 10 of the Complaint, Defendants admit that more than ninety (90) days have elapsed since Hotel Airport Shuttle. Com, LLC received the letter from the Plan. Defendants deny each remaining allegation contained in paragraph 10.

11. In response to paragraph 11 of the Complaint, Defendants admit the allegation contained therein.

12. In response to paragraph 12 of the Complaint, Defendants admit the allegation contained therein.

13. In response to paragraph 13 of the Complaint, Defendants admit the allegation contained therein.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

14. In response to paragraph 14 of the Complaint, Defendants admit that since receiving the letter from the Plan, Hotel Airport Shuttle. Com, LLC has not made any payments to the fund, but deny the allegation that Defendants are subject to withdrawal liability.

**AFFIRMATIVE DEFENSES**

As a separate and distinct defense to Plaintiffs' Complaint, Defendants allege as follows:

1. Defendants allege that contrary to Plaintiffs' allegations in the Complaint, Bauer's Limousine Service, Inc., a California corporation, and Gary S. Bauer individually and doing business as Bauer's Transportation are not members of a controlled group. Defendants further allege that Bauer's Limousine Service, Inc., a California corporation, and Gary S. Bauer individually and doing business as Bauer's Transportation, do not constitute a "single employer." Assuming arguendo that withdrawal liability exists for Hotel Airport Shuttle. Com, LLC, Defendants allege that neither Bauer's Limousine Service, Inc., a California corporation, nor Gary S. Bauer individually and doing business as Bauer's Transportation, are accountable for such liability.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants pray for relief as follows:

1. For Plaintiffs to take nothing by way of their complaint and each claim for relief therein;

2. For the Complaint and each claim for relief therein to be dismissed in its entirety with prejudice;

3. For judgment to be entered in favor of Defendants and against Plaintiffs;

4. For Defendants to recover their costs and reasonable attorneys' fees incurred herein;

5. For Defendants to be awarded their costs of suit herein; and

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

6. For this court to grant Defendants such additional relief as is deemed just and proper.

Dated: October 4, 2007

ROBERT G. HULTENG
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
HOTEL AIRPORT SHUTTLE. COM, LLC, BAUER'S LIMOUSINE SERVICE, INC., GARY S. BAUER INDIVIDUALLY AND DOING BUSINESS AS BAUER'S TRANSPORTATION

Firmwide:83198798.1 057744.1001

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

ANSWER TO COMPLAINT
(NO. C 07 2786 MHP )

4.